■ In the Matter of ERNEST A. JOSLIN et al., Petitioners, v. TOWN BOARD OF THE TOWN OF LAKE GEORGE, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Warren County) to review a determination of the Town Board of the Town of Lake George, which denied petitioners' application, pursuant to section 849-a of the Conservation Law (now Environmental Conservation Law, § 43-0119), for a permit to use real property in the Town of Lake George for the operation of a seasonal transient trailer court. Petitioners filed a petition with the Town Board of the Town of Lake George on December 31, 1969 for a permit, pursuant to section 849-a of the Conservation Law (now Environmental Conservation Law, § 43-0119), to construct and operate a seasonal transient trailer court on a parcel of land consisting of about nine acres situated on the easterly side of Stanton Road near the intersection of Route 9-L. It is bounded on the north by the lands of Fort George State Park and on the east and south by lands of the State of New York. It is also located in a large area formerly designated by section 841 of the Conservation Law (now Environmental Conservation Law, § 43-0103) as "Lake George Park". A hearing was held on November 20, 1972 by the Town Board on petitioners' application and on December 18, 1972 the board denied the application. Two prior hearings had been held resulting in similar denials but the loss of hearing minutes prevented a review of the determinations, thus necessitating the third hearing on the original application. In denying petitioners' application the board determined that "the area is one in which the improvements are residences, summer cottages, and some resorts which have permanent housing facilities * * * a trailer park or campsite in the area would not be in keeping with the character of the neighborhood * * * that a proposed zoning plan had been drawn up by the Town Planning Board and was in existence at the time of this application prohibiting the use proposed * * * the property is unsuited to the proposed use and would be detrimental to the safety and welfare of the community and would create hazardous conditions in this area". The board further stated that it had considered as standards: traffic problems, adjacent residential and commercial properties and the limited acreage of the proposed use. The main contentions of the petitioners are that the board's decision failed to set standards and made no actual findings; that it is not supported by substantial evidence; and that it was arbitrary and capricious. Section 849-a of the Conservation Law (now Environmental Conservation Law, § 43-0119) provides certain restrictions on objectionable uses of property within the Lake George Park. Subdivision 1 of that section provides that no real property within Lake George Park shall be used for the operation of a house trailer park or trailer court without first obtaining a permit from the town within which such real property is located. Subdivision 3 requires the Town Board, in considering any application for a permit, to consider, among other things, the effect of the proposed use on the general welfare, safety and health of the public; the character of the area; the suitability of the property for the use proposed; and whether the real property lies within a zone in which the proposed use is prohibited. The determination of whether the permit should or should not be issued was placed by statute in the

discretion of the Town Board. Here, the board has stated the grounds upon which it decided to deny the permit. In view of the finding that the proposed use was inconsistent with the proposed zoning and considering the record as a whole, we find that the determination of the board is supported by substantial evidence. (*Matter of Shell Creek Sailing Club* v. *Board of Zoning Appeals of Town of Hempstead,* 20 N Y 2d 841.) Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.